UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK ABELINO MARCELENO,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al,<br><br>Defendants. | 1:17-cv-01136 LJO-GSA (PC)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(Document# 27)** |

On August 9, 2019, plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of

the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Plaintiff asserts that he does not have adequate access to the law library, the prison is under lock-down, and his chronic pain makes it difficult for him to litigate this case. These conditions do not make plaintiff's case exceptional under the law. At this stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits. While the court has found that "Plaintiff states a cognizable claim against defendant Mora for use of excessive force in violation of the Eighth Amendment," this finding is not a determination that plaintiff is likely to succeed on the merits. (ECF No. 18 at 5:27-28.) Service of process is underway, but the defendant has not appeared in the case. Based on the record in this case, plaintiff is able to adequately articulate his claims. Further, the legal issue in this case – whether defendant Mora used excessive force against plaintiff – is not complex. Therefore, plaintiff's motion shall be denied without prejudice to renewal of the motion at a later stage of the proceedings.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **August 22, 2019**         **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE