UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK ABELINO MARCELENO,<br><br>           Plaintiff,<br><br>   vs.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS AND<br>REHABILITATION, et al.,<br><br>           Defendants. | **1:17-cv-01136-JLT-GSA-PC**<br><br>**FINDINGS AND RECOMMENDATIONS,<br>RECOMMENDING THAT THIS CASE BE<br>DISMISSED, WITHOUT PREJUDICE FOR<br>PLAINTIFF'S FAILURE TO COMPLY<br>WITH COURT ORDERS**<br>**(ECF Nos. 45, 53.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN<br>FOURTEEN (14) DAYS** |

## I.      BACKGROUND

Erik Abelino Marceleno ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On August 23, 2017, Plaintiff filed the Complaint commencing this action.  (ECF No. 1.)  This case now proceeds with Plaintiff's First Amended Complaint filed on July 30, 2019, against defendant Sergeant Mora for use of excessive force in violation of the Eighth Amendment and related state claims for assault and battery, for money damages only.  (ECF No. 19.)

This case is scheduled for a trial confirmation hearing on October 28, 2022, at 1:30 p.m. before District Judge Jennifer L. Thurston.   On March 3, 2021, the court issued the Second Scheduling Order which required Plaintiff to file a pretrial statement on or before July 29, 2022.

1

(ECF No. 45.)  Plaintiff failed to file his pretrial statement in compliance with the Second Scheduling Order.  On August 4, 2022, the Court issued an order requiring Plaintiff to show cause, within twenty-one days, why this case should not be dismissed for his failure to comply with the Second Scheduling Order's directive.  (ECF No. 53.)  The twenty-one-day deadline has now expired and Plaintiff has not responded to the Court's order to show cause.  Therefore, it will be recommended that this case be dismissed for Plaintiff's failure to comply with the court's orders.

## II. DISMISSAL FOR FAILURE TO COMPLY WITH COURT ORDERS

In determining whether to dismiss this action for failure to comply with the directives set forth in its orders, "the Court must weigh the following factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since August 23, 2017.  Plaintiff's failure to respond to the Court's orders may reflect Plaintiff's disinterest in prosecuting this case.  In such an instance, the Court cannot continue to expend its scarce resources assisting a litigant who will not prepare for his own trial.  Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to file his pretrial statement that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Monetary sanctions in this

circumstance are of little use.  However, inasmuch as the dismissal being considered in this case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal.  Id. at 643.

**III.    CONCLUSION AND RECOMMENDATIONS**

Accordingly, the court **HEREBY RECOMMENDS** that:

1.    This case be dismissed without prejudice, based on Plaintiff's failure to obey the court's orders issued on March 3, 2021 and August 4, 2022; and

2.    The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen days after the date of service of these findings and recommendations, any party may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **September 10, 2022**                    **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE